Jonas Jacobson (WSBA No. 62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

*Pro Hac Vice* forthcoming

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHON HOLLIS, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>AUDIBLE, INC.,<br><br>        *Defendant*. | Case No. 2:24-cv-01999<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# Table of Contents

I.    Introduction. ....................................................................................................................... 1

II.   Parties ................................................................................................................................. 2

III.  Jurisdiction and Venue. ..................................................................................................... 2

IV.   Facts. .................................................................................................................................. 2

    A.    Audible's credits. ...................................................................................................... 2

    B.    Audible's expiring credits are illegal under Washington law. .................................. 4

    C.    Audible injured Plaintiff. ......................................................................................... 4

V.    Class action allegations. .................................................................................................... 5

VI.   Claims. ............................................................................................................................... 6

    First Cause of Action: Violation of Washington's Gift Certificate Law .............................. 6

    Second Cause of Action: Violation of the Washington Consumer Protection Act ............. 6

    Third Cause of Action: Quasi-contract ............................................................................... 7

VII.  Relief. ................................................................................................................................ 7

VIII. Demand for Jury Trial. ...................................................................................................... 8

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**I.      Introduction.**

1.      Under Washington law, absent narrow exceptions, gift certificates cannot expire.

2.      Audible Inc. sells audiobooks and other audio titles.  Audible also sells Audible credits, which consumers use to purchase audiobooks and other audio titles.

3.      Consumers purchase the Audible credits through different membership plans.  For example, the Audible Premium Plus monthly-plan membership provides 1-2 credits monthly (depending on the level), while the Audible Premium Plus annual-plan membership purchases 12 or 24 credits a year (depending on the level). Consumers can then use the credits to purchase audio titles from Audible.

4.      Audible tells consumers who purchase the Audible Premium Plus memberships that they will be entitled to credits that they can use to purchase Audible's audio titles, to keep forever:



5.      Audible elects Washington law.  Under Washington law, Audible Credits are gift certificates.  The credits do not meet any of the narrow exceptions that would allow them to expire.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

6.    Contrary to Washington law, each Audible credit expires one year after issue. Consumers are often unable to use the credits that Audible promised, and lose their valuable credits before having a chance to use them. This is illegal.

7.    Plaintiff purchased an Audible Premium Plus membership, with Audible credits. Plaintiff was unable to use all of his credits before they expired.  Plaintiff brings this case on behalf of himself and others who purchased Audible credits that expired.

**II.    Parties.**

8.    Plaintiff Jonathon Hollis is domiciled in Los Angeles, California.

9.    The proposed class includes citizens of every state.

10.    Defendant Audible, Inc. is a Delaware corporation with its principal place of business at 1 Washington Park, 16th Floor, Newark, NJ 07102.

**III.    Jurisdiction and Venue.**

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

12.    The Court has personal jurisdiction over Defendant because Defendant consented to the personal jurisdiction of this Court.

13.    Venue is proper because Defendant has consented to venue here.

**IV.    Facts.**

**A.    Audible's credits.**

14.    Audible sells audiobooks and other audio titles.  It advertises purchase plans, through which consumers can purchase Audible credits. For example, the monthly Audible Premium Plus memberships provides between 1-2 credits per month (depending on the tier), and the annual Audible Premium Plus memberships entitle a consumer to 12 or 24 credits a year (depending on the tier).

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Captured October 10, 2024



Captured October 10, 2024

15.    Audible credits can be redeemed for audio titles by anyone with access to an account. Audible does not limit the amount of devices that can use an account, and people can (and do) share accounts and associated credits among family members, housemates, and friends.

16.    Audible allows account holders to gift books to anyone by using the account holder's credits.  So, for example, an account holder could use 5 credits to buy books for 5 friends.

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

17.     Audible further allows members to set up a Family Library, to share purchased Audible titles with another adult and up to four children.

18.     An Audible member can also buy a gift membership that supplies credits to the recipient.

**B.      Audible's expiring credits are illegal under Washington law.**

19.     Under Washington law, "it is unlawful for any person or entity to issue, or to enforce against a bearer, a gift certificate that contains…an expiration date."[1] RCW §19.240.20. Under this statute, the phrase "gift certificate" is defined to mean "an instrument evidencing a promise by the seller or issuer of the record that consumer goods or services will be provided to the bearer of the record to the value or credit shown in the record and includes gift cards."  RCW §19.240.010(2)(a).  The "bearer" is defined as any "person with a right to receive consumer goods and services under the terms of a gift certificate, without regard to any fee, expiration date, or dormancy or inactivity charge." *Id.* (3)

20.     Audible's credits are a "gift certificate" under the Washington law.  Each credit is an instrument evidencing a promise by Audible to provide a consumer good—an Audible title—to the bearer (persons with a right to receive audio titles for credits, under the terms of the credits).  The value of each Audible credit is one Audible title.

21.     Consumers purchase Audible plans expecting to receive credits that they can later use to purchase Audible titles. But the Audible credits expire a year after issue.  Because of this, consumers are often unable to use the Audible credits before they expire.  This expiration violates Washington law.

**C.      Audible injured Plaintiff.**

22.     Over the past six years, Mr. Hollis paid for multiple credits (via his Audible membership) that illegally expired before he could use them.  As a result of the illegal expiration, he lost the value of those credits.

23.     Plaintiff faces an imminent threat of future harm. He would purchase Audible credits in the future if he was sure that the credits would not expire. But without an injunction, Plaintiff cannot depend on Audible honoring its credits without expiration dates, as required under Washington law.

---

[1] There are limited exceptions to this rule, which do not apply here. *See* RCW §19.240.030.

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**V.    Class action allegations.**

24.    Plaintiff brings the asserted claims on behalf of the proposed class of all persons within the U.S. who, within the applicable statute of limitations, paid for Audible credits that expired (the "Class").

25.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or it's parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity*

26.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are millions of class members.

*Predominance of Common Questions*

27.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Audible's expiring credits violate Washington gift certificate law;

(2) damages or restitution needed to compensate Plaintiff and the class; and

(3) class-wide injunctive relief necessary to prevent harm to Plaintiff and the class.

*Typicality & Adequacy*

28.    Plaintiff's claims are typical of the class. Like the class, Plaintiff purchased Audible credits that expired.  There are no conflicts of interest between Plaintiff and the class.

*Superiority*

29.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

unduly burdensome to have individual litigation of millions of small individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

<b><u>First Cause of Action</u>:</b>

<b>Violation of Washington's Gift Certificate Law</b>

<b>(By Plaintiff and the Class)</b>

30.    Plaintiff incorporates each and every factual allegation set forth above.

31.    Plaintiff brings this cause of action on behalf of himself and the Class.

32.    Audible advertises and sells its credits to consumers nationwide.

33.    Audible's sales of expiring Audible credits violates RCW §19.240 et seq.

34.    Audible's credits are "gift certificates" within the meaning of RCW §19.240.  As explained in greater detail above, Audible credits are gift certificates within the meaning of the statute because each Audible credit is an instrument that evidences a promise by Defendant to provide Audible titles to the bearer of the Audible credits in the amounts shown.  For example, the bearer of one Audible credit is entitled to one Audible title.

35.    The Audible credits violate Washington law because they are gift certificates that expire.

36.    The exceptions listed in RCS §19.240.030 do not apply because the Audible titles are not issued pursuant to an awards or loyalty program, and are not donated to a charitable organization.

37.    Defendant's expiring gift certificates were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class, because Plaintiff and the class paid for credits that illegally expired.

<b><u>Second Cause of Action</u>:</b>

<b>Violation of the Washington Consumer Protection Act</b>

<b>(by Plaintiff and the Class)</b>

38.    Plaintiff incorporates each and every factual allegation set forth above.

39.    Plaintiff brings this cause of action on behalf of himself and the Class.

40.    Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

41.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

42.    As alleged in detail above, Defendant committed "unfair" acts by selling gift certificates that expire, in violation of Washington law.

43.    The harm to Plaintiff and the class greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal expiring gift certificates. This injury was not outweighed by any countervailing benefits to consumers or competition. Illegal expiring gift certificates only injure legal competition and harm consumers. Plaintiff and the class could not have reasonably avoided this injury and still purchased Audible Credits. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with Washington's gift certificate law.

44.    Plaintiff and the Class were harmed because they paid for Audible credits that expired. Defendant's expiring gift certificates were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

### Third Cause of Action:

### Quasi-contract

### (by Plaintiff and the Class)

45.    Plaintiff incorporates each and every factual allegation above.

46.    Plaintiff brings this cause of action on behalf of himself and the Class.

47.    As alleged in detail above, Defendant charged Plaintiff and Class members for Audible Credits that illegally expired.

48.    In this way, Defendant received a direct and unjust benefit, at Plaintiff and Class Members' expense.

49.    Plaintiff and the class seek restitution.

**VII.    Relief.**

50.    Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- A declaration that any expiration clause governing Audible Credits purchased by Plaintiff and the class is void;

- A judgment in favor of Plaintiff and the class;

- All available monetary forms of recovery, including damages, restitution, and other just equitable relief;

- An injunction;

- Rescission;

- Pre- and post-judgment interest;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

## VIII.  Demand for Jury Trial.

51.    Plaintiff demands the right to a jury trial on all claims so triable.

Dated: December 4, 2024

Respectfully submitted,

By: /s/ *Jonas Jacobson*

Jonas Jacobson (WSBA No. 62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

CLASS ACTION COMPLAINT
Case No. 2:24-cv-01999

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066