UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN HOLLIS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AUDIBLE, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:24-cv-01999-TL<br><br>ORDER ON UNOPPOSED MOTION TO SEAL |

This matter is before the Court on Plaintiff's Unopposed Motion to Seal. Dkt. No. 58. Having considered Plaintiff's motion, Defendant's response (Dkt. No. 63), and the relevant record, the Court GRANTS Plaintiff's motion.

## I.   BACKGROUND

The Parties seek to seal the Motion to Certify Class (Dkt. No. 59) and exhibits to Plaintiff's motion (Dkt. Nos. 60 (Eland Transcript), 60-1 (Audible Customer Summary), 60-2 (Alexander Transcript), 60-3 (Blok Report)). The Court assumes familiarity with the facts of the case.

ORDER ON UNOPPOSED MOTION TO SEAL – 1

## II.    LEGAL STANDARD

There is a strong presumption of public access to court-filed documents. Local Civil Rule ("LCR") 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In the Ninth Circuit, the standard turns on the nature of the filing.

A party seeking to seal records related to motions that are non-dispositive and unrelated to the merits of the case "need only satisfy the less exacting 'good cause' standard." *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id*. (omission in original) (quoting Fed. R. Civ. P. 26(c)(1)).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case," *id.* at 1101, must "meet the high threshold of showing that 'compelling reasons' support secrecy," *Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

A motion to seal a document must include

> [a] specific statement of the applicable legal standard and the
> reasons for keeping a document under seal, including an
> explanation of: [(1)] the legitimate private or public interests that

warrant the relief sought; [(2)] the injury that will result if the relief sought is not granted; and [(3)] why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3)(B).

### III.    DISCUSSION

**A.    The Compelling Reasons Standard Applies**

To begin, the Court must answer whether Plaintiff's Motion to Seal his Motion to Certify Class and attached exhibits is more than tangentially related to the merits of the case. As the Supreme Court noted in *Wal-Mart Stores, Inc. v. Dukes*, the "rigorous analysis" district courts engage in to ensure that the prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage "[f]requently . . . will entail some overlap with the merits of the plaintiff's underlying claim." 564 U.S. 338, 351 (2011) (citation modified). Several courts in this District have determined that the compelling reasons standard applies to a motion to seal documents related to a motion for class certification. *See, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, No. C20-421, 2024 WL 4277845, at *2 (W.D. Wash. Sep. 24, 2024); *White v. Symetra Assigned Benefits Serv. Co.*, No. C20-1866, 2022 WL 1136804, at *4 (W.D. Wash. Apr. 18, 2022); *Wetzel v. CertainTeed Corp.*, No. C16-1160, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019). The Court is persuaded by the reasoning in these cases and finds that the compelling reasons standard applies to Plaintiff's Motion to Seal because the Motion for Class Certification and underlying exhibits are more than tangentially related to the merits of the case.

**B.    Request to Seal**

Here, Plaintiff moves to provisionally seal materials that Defendant designated as confidential; therefore, Defendant provides a record and arguments as to why the documents should be sealed. The Court will address each of Defendant's arguments in turn.

### 1.   Ryan Eland Deposition Transcript

Defendant asserts that the excerpts of the deposition of Defendant's Senior Director of Global Customer Engagement Ryan Eland (Dkt. No. 60) contains non-public information regarding the "size of Audible's catalog; internal naming conventions for membership plans and credits; customers' behavior, preferences, and engagement with the service; strategies for marketing memberships to customers; internal business plans for customer offerings; use of third party payment systems; outbound marketing and customer engagement efforts; and methodology for calculating royalty payments." No. 63 at 6–7. This argument is supported by the declaration of Ryan Eland. Dkt. No. 64 ¶ 9. The Court finds that Defendant has provided "compelling reasons" to seal Ryan Eland's deposition transcript because it includes sensitive "information about a party's internal operations that could harm its competitive standing if revealed." *Jennings v. USAA Cas. Ins. Co.*, No. C23-6171, 2026 WL 252079, at *3 (W.D. Wash. Jan. 30, 2026); *see also Treehouse Avatar LLC v. Valve Corp.,* No. C17-1860, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (finding compelling reasons to seal "proprietary technical business information that is not already in the public domain").

### 2.   Audible Customer Summary

The Audible Customer Summary includes non-public data about the size and composition of a segment of Defendant's customer base. Dkt. No. 63 at 6; Dkt. No. 60-1. Defendant explains that allowing this information to be public would give competitors an unfair advantage over Defendant because, like Defendant, those competitors do not publicly disclose comparable sensitive information. Dkt. No. 63 at 6. Defendant argues that the customer base information could be used against Defendant by competitors to inform their strategies for competing against Defendant. *Id*. These arguments are supported by the declaration of Ryan Eland. *See* Dkt. No. 64 (Eland Decl.) ¶ 5. The Court finds compelling reasons to seal the Audible

Customer summary given the potential harm revealing such private information could cause, specifically the risk of giving competitors an unfair advantage over Defendant. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. C18-2827, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, *customer information*, internal reports and other such materials that could harm a party's competitive standing.") (emphasis added).

### 3.    Justin Blok Report

Next, Defendant argues for sealing the report of Plaintiff's expert, Justin R. Blok, because Mr. Blok discusses: "sensitive and proprietary business information throughout his report," including: Defendant's "internal data maintenance practices and architecture"; Defendant's "internal pricing structures and credit allocation models"; and "calculations of class-wide damages figures premised entirely on Audible's confidential customer and pricing data." Dkt. No. 63 at 6; *see also* Dkt. No. 64 ¶ 6. Defendant argues that this information would harm it because it would "provid[e] other commercial actors with insight into Audible's internal data maintenance practices, pricing structures, and business strategies." Dkt. No. 63 at 6. The Court finds Defendant has also presented "compelling reasons" to seal Mr. Blok's report, as it, too, includes sensitive information about Defendant's internal operations, which could harm its competitive standing if revealed to the public. *See Jennings*, 2026 WL 252079, at *3; *see also Treehouse Avatar LLC*, 2019 WL 291664, at *2; *Adtrader, Inc. v. Google LLC,* No. C17-7082, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (finding compelling reasons to seal confidential business information related to how a business operates, its internal policies, and its internal strategic business and financial decision-making).

**4.    Motion to Certify Class and Alexander Deposition Transcript**

Additionally, Defendant argues that Plaintiff's Motion to Certify Class and the Alexander Transcript contain excerpts from deposition testimony of witnesses that should be redacted. Dkt. No. 63 at 7–8. For example, Defendant argues that the Motion to Certify Class includes "quotes from and purports to describe" Ryan Eland's deposition, which is confidential. *Id*. at 7. Defendant argues that the use of quotes and paraphrasing of the Eland deposition would cause Defendant unfair commercial harm because it would expose confidential information regarding, among other reasons, customer behavior and strategies for marketing memberships for customer offerings. *Id*.; *see also* Dkt. No. 64 ¶ 9. The Alexander Transcript is an excerpt of a deposition of Defendant's Analytics Manager, Aleksey Alexander. Dkt. No. 63 at 7. Defendant contends that this is confidential testimony that includes "the methodology by which Audible maintains, filters, and analyzes customer credit data, as well as the specific data tables and fields that underpin [the Audible Customer Summary]." *Id*; *see also* Dkt. No. 64 ¶ 8. Defendant argues that disclosure of this information would be harmful because it would allow competitors to obtain non-public information about core components of Defendant's business, including "audiobook offerings, pricing strategy, royalty methodology, and data maintenance and analysis practices." Dkt. No. 63 at 7. The Court finds Defendant has presented compelling reasons to seal the requested information because it includes sensitive business information and internal strategies that could harm Defendant's competitive standing. *See, e.g. Jennings*, 2026 WL 252079, at \*3–4; *Treehouse Avatar LLC*, 2019 WL 291664, at \*2.

**C.    Less Restrictive Alternatives**

Lastly, Defendant outlines why there are no less restrictive alternatives to the relief sought. *Id*. at 8. Defendant argues that the Audible Customer Summary (Dkt. No. 60-1) and the Blok Report (Dkt. No. 60-3) must be completely sealed because both documents contain

commercially sensitive information throughout. Dkt. No. 63 at 8. Next, Defendant argues that it has limited its request for sealing of Plaintiff's Motion to Certify Class and the Alexander Transcript to only the redacted portions of the documents that include the aforementioned commercially sensitive information. *Id*.

The Court finds that sealing the Audible Customer Summary (Dkt. No. 60-1) and the Blok Report (Dkt. No. 60-3) in their entirety is the least restrictive means because, as Defendant argues, the documents include commercially sensitive information throughout. Redacting Plaintiff's Motion to Certify Class and the Alexander Transcript is the least restrictive means because the sealing is limited to only the redaction of commercially sensitive information. *See, e.g.*, *Heath v. Google LLC*, No. C15-1824, 2018 WL 4561773, at *3 (N.D. Cal. Sept. 20, 2018) (granting motion to seal redacted portions of a brief because "they quote, summarize, or cite the [documents] that this Court has deemed sealable"). Redacted versions of the Motion to Certify Class and the Alexander Transcript are already on the Docket at Docket Numbers 61 and 61-14, respectively. The Court has reviewed these redactions and finds them appropriate.

## IV.   CONCLUSION

Accordingly, Plaintiff's Unopposed Motion to Seal (Dkt. No. 58) is GRANTED. The sealed documents SHALL remain under seal.

Dated this 27th day of May, 2026.

Tana Lin
United States District Judge

ORDER ON UNOPPOSED MOTION TO SEAL – 7